REGAN, Judge.
Plaintiff, Bituminous Casualty Corporation, the workmen’s compensation insurer of the Parish of Jefferson, instituted this suit against the defendants, Avondale Marine Ways, Inc., endeavoring to recover the sum of $6,266.72, the amount it paid to settle a workmen’s compensation claim by Frank Parria, who was employed by plaintiff’s assured and injured during the course and scope of his employment, when a tank truck in which he was a passenger was struck by a mobile railway crane and flatcar,, operating on a private line on the premises of Avondale Marine Ways, Inc. Plaintiff, as subrogee of the compensation claimant to the extent of his settlement, asserted that Parria was injured through the sole negligence of Avondale’s employees who were operating the railroad equipment.
The defendants answered and asserted that the collision between the truck and the train was caused by the negligence of the truck driver, who was employed by the Parish of Jefferson. In the alternative, they pleaded that Parria was guilty of contributory negligence.
From a judgment in favor of the defendants dismissing plaintiff’s suit, it has prosecuted this appeal.
This case was consolidated with another suit arising out of the same accident in order to facilitate and expedite the trial thereof. The suit referred to is entitled Parria v. Avondale Marine Ways and Employers Liability Assurance Corp., La.App., 148 So.2d 770. In the Parria case, plaintiff is endeavoring to recover from the defendants herein $168,416.00 for personal injuries he incurred as a result of the truck-train collision, which he insists was caused by the negligence of Avondale’s employees.
Bituminous Casualty Corporation filed a petition of intervention in the foregoing case in which it asserted that it was entitled to $6,266.72 of the amount of any judgment that may be awarded plaintiff, as Parria’s statutory subrogee.
The evidence inscribed in the record preponderates to the effect that the accident from which this litigation arises occurred in the following manner:
On June 22, 1959, at approximately 11 a.m., Charles Imbody, an employee of the Parish of Jefferson, was driving a tank-truck and Parria was a passenger therein. Both men were assigned to pick up a truckload of used oil at the Avondale plant, which this company gave to the parish for street surfacing purposes. Both employees were familiar with defendant’s plant as they had been there on several other occasions for the same purpose.
When Imbody drove his truck through the entrance, in order to reach the tank where the oil was stored, he was required to execute a right turn and continue driving in this road for approximately two blocks. At that point the road curved to the left and approximately 75 feet removed therefrom, a privately maintained railroad track crossed the road.
Both Imbody and his passenger were fully aware of the existence of the railroad *770 and immediately after executing the left turn, they observed a locomotive crane moving slowly along the track toward the roadway upon which they were traveling. Imbody was driving at a speed of approximately 10 to 12 miles per hour.
Steel beams were piled along the side of the railroad tracks which apparently concealed from the driver’s view a railroad flat car, which was being pushed by the railway crane.
The operator, who was backing the crane could not see the roadway; however, an Avondale foreman was standing on the flat car and he noticed the tank-truck as it approached the track. Since the vehicle was moving very slowly, the foreman was afforded a good reason to believe that he intended to stop, but when it became apparent that Imbody was not going to stop the truck, he waved and yelled at the driver and then ran to the crane to signal the operator thereof to apply the brakes.
In the meantime, Imbody approached the track and failed to notice the flat car until he was a short distance removed therefrom. He then attempted to accelerate the truck so as to cross before the train reached the roadway; however, it stalled on the tracks for several seconds and was struck by the flat car and pushed into the pile of steel beams which we have referred to hereinabove.
Predicated on the foregoing facts, the trial judge dismissed plaintiff’s suit and, in his written reasons for judgment asserted that:
“The court is of the opinion that this collision occurred solely as a result of the negligence of the driver of the tank truck, Charles Imbody, who testified that he saw the crane approaching but could not see this flat car. He was familiar with the area, and, knowing that his vision was obstructed, should have exercised extreme caution in crossing the railroad track. There was no reason for the crew of the traveling crane to anticipate that the truck would not stop, and the Court is of the opinion that the lookout exercised reasonable caution when he yelled at the driver of the truck, and seeing that he was not going to stop, he ran to beat on the side of the crane in order to bring it to a stop. The Court is convinced that this collision occurred because the driver of the truck assumed that he could beat the crane and flat car across the crossing, and when his truck stalled instead of accelerating, it was struck.”
We are of the opinion that the evidence contained in the record fully justifies the foregoing conclusion and therefore the judgment of the trial court is correct.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.